IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WAGNER OMAR CHIROY-LOPEZ,**<br>**Petitioner,** | **CIVIL ACTION** |
| **v.** | |
| **J.L. JAMISON, MICHAEL T. ROSE,**<br>**KRISTI NOEM, PAMELA BONDI, U.S.**<br>**DEPARTMENT OF HOMELAND**<br>**SECURITY, EXECUTIVE OFFICE OF**<br>**IMMIGRATION REVIEW,**<br>**Respondents.** | **NO.  26-1075** |

**HODGE, J.**                                                                              **February 24, 2026**

## MEMORANDUM

Petitioner Wagner Omar Chiroy-Lopez ("Petitioner" or "Mr. Chiroy-Lopez") is another of the numerous individuals who, pursuant to the new decision by the Bureau of Immigration Appeals ("BIA"), has been subjected to mandatory detention without the opportunity for an individualized hearing under the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2). BIA's interpretation of that section would permit it to treat an immigrant who was not inspected upon arrival in the country "as seeking admission" even if the person arrived in the country years ago. Such treatment results in detention without any hearing. This Court again joins with the hundreds of decisions rejecting BIA's analysis, and grants Mr. Chiroy-Lopez's petition for a writ of habeas corpus (ECF No. 1) and orders his immediate release.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar recent cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025). Moreover, because the Government has failed to timely respond to the Petition, as ordered by the Court (ECF No. 2), the Court treats the Petition as unopposed.

## I.    PROCEDURAL BACKGROUND[2]

Mr. Chiroy-Lopez entered the United States in or around 2008. (ECF No. 1 ¶ 7.) He did not encounter any immigration officials at that time and has since resided in Pennsylvania. (*Id.* ¶ 1.) Petitioner has no criminal history. (*Id.* ¶ 24.)

On February 18, 2026, the Department of Homeland Security ("DHS") blocked off a road in or around Phoenixville and stopped Mr. Chiroy-Lopez and his uncle while in their car on their way to work to question them, apparently while looking for someone else. (*Id.* ¶ 25.) DHS subsequently detained Petitioner and his uncle. (*Id.* ¶ 2.) Mr. Chiroy-Lopez is currently detained in Philadelphia at the Federal Detention Center. (*Id.* ¶ 25.)

## II.    LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.    DISCUSSION

Respondents have not responded to the Petition, as ordered by this Court. (ECF No. 2.) Therefore, this Court deems the Petition unopposed. Notwithstanding the unopposed status of the Petition, the Court reaches the merits of the Petition herein.

### A.  Mr. Chiroy-Lopez Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)

Section 1225(b)(2)A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal]

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, the Department of Homeland Security ("DHS") issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. (ECF No. 2-1 at 2.) This policy was subsequently enshrined in a September 5, 2025 decision by the Board of Immigration Appeals ("BIA"), which took the position that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (B.I.A. 2025).

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Id.* at 297. If the Court accepts the Government's current interpretation of Section 1225(b)(2)(A) as applying to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence,

or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court.

There are no facts presented to this Court that demonstrate a basis for Mr. Chiroy-Lopez's detention absent a hearing. I therefore follow the decisions of my colleagues and hold that Section 1225(b)(2)(A) cannot apply to Petitioner. *See, e.g.*, *Patel v. McShane*, 25-cv-5975 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Demirel*, 2025 WL 3218243 (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *3–4 (E.D. Pa. Nov. 14, 2025); (Wolson, J.); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.).

## B. Mr. Chiroy-Lopez's Detention Violates Due Process

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Mr. Chiroy-Lopez. In this instance, Mr. Chiroy-Lopez has a strong private interest in his personal liberty. The failure of the Government

to afford him *any* individualized determination regarding whether he posed a danger or flight risk after living in this country for almost 20 years with no criminal record poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. Therefore, the application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to his detention on February 18, 2026. Because that hearing did not occur, Petitioner should not now be in custody.

## IV.    CONCLUSION

For the aforementioned reasons, Petitioner's detention without a bond hearing offends the INA and the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Mr. Chiroy-Lopez's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(a), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**